Opinion issued July
21, 2011.



 

 

 

 

 

 

In
The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-11-00221-CR

NO.
01-11-00222-CR

____________

 








KEVIN L. JENKINS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from the 232nd
District Court

Harris County, Texas

Trial Court Cause Nos. 1291651 and 1291854

 

 



MEMORANDUM
OPINION








          Appellant,
Kevin L. Jenkins, pleaded guilty to the offenses of aggravated assault and
possession of a controlled substance. 
The trial court found appellant guilty, and, in accordance with the
terms of appellant’s plea bargain agreement with the State, sentenced appellant
to three years’ confinement.  Appellant
filed a pro se notice of appeal.  We
dismiss the appeals. 

In a plea bargain case, a defendant
may appeal only those matters that were raised by written motion filed and
ruled on before trial, or after getting the trial court’s permission to appeal.  Tex.
R. App. P. 25.2(a)(2).  An appeal
must be dismissed if a certification showing that the defendant has the right
of appeal has not been made part of the record.  Tex. R.
App. P. 25.2(d).

Here, the trial court’s certifications
are included in the records on appeal.  The
trial court’s certifications state that these are plea bargain cases and that the
defendant has no right of appeal.  See Tex.
R. App. P. 25.2(a)(2).  Appellant
did not appeal any pre-trial matters, and the trial court did not give
permission for appellant to appeal. The records support the trial court’s
certifications. See Dears v. State,
154 S.W.3d 610, 615 (Tex. Crim. App. 2005). 
Because appellant has no right of appeal, we must dismiss these appeals.  See Chavez
v. State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (“A court of appeals,
while having jurisdiction to ascertain whether an appellant who plea-bargained
is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal
without further action, regardless of the basis for the appeal.”). 

Accordingly, we dismiss these appeals
for want of jurisdiction.  All pending
motions are dismissed as moot.

PER CURIAM

Panel consists of Chief Justice Radack and Justices Sharp
and Brown.

 

Do not publish. 
Tex. R. App. P. 47.2(b).